IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Traditionalist American Knights of the Ku Klux Klan, an unincorporated association, and | )<br>)<br>)<br>) |
| Frank Ancona, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:12-cv-2085-AGF<br>) |
| City of Desloge, Missouri, | )<br>) |
| Defendant. | ) |

**FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND NOMINAL DAMAGES PURSUANT TO 42 U.S.C. § 1983**

Plaintiffs, for their Complaint against Defendant, state as follows:

**INTRODUCTION**

1. Plaintiffs, an association and one of its members, aim to spread their message widely.

2. One effective and efficient way Plaintiffs have found to spread their message is by distributing handbills on sidewalks and streets, including on the windshields of unoccupied vehicles. They have done so throughout the country, including in Missouri.

3. Frank Ancona and other members of the Traditionalist American Knights of the Ku Klux Klan had planned to distribute handbills in the City of Desloge, Missouri, on October 27, 2012, and on future dates.

1

4. In preparation for the distribution of handbills in the City of Desloge, Ancona spoke to police officials and the City Administrator to discuss his plans to distribute literature within the City of Desloge. Police officials advised him that he could not stand and distribute literature on any street or sidewalk within the City of Desloge without violating a city ordinance. The City Administrator confirmed the response of police officials.

5. As a result of the assertions of police officials and the City Administrator, Plaintiffs canceled their plans to distribute literature on October 27, 2012, and rescheduled for November 3, 2012, to permit time for their attorney to contact the City.

6. Plaintiffs' counsel wrote to the City Administrator explaining that prohibiting the distribution of literature on public streets and sidewalks violates the First Amendment.

7. On October 30, 2012, the City's attorney responded by letter. The City's attorney opined that the ordinance reasonably restricts solicitation. He included a copy of § 615.070 of the Code of Ordinances, which provides, "No peddler nor any other person, association, corporation or other entity shall be authorized to conduct any solicitation activities, or to occupy, use or operate in or upon any public highway, thoroughfare or street within the City of Desloge." According to the attorney, solicitation applies to activities "other than selling" and includes the distribution of handbills. The Code of Ordinances defines "street" to "mean and include any public way, highway, street, avenue, boulevard, parkway, alley or other public thoroughfare, and each of such words shall include all of them." The definition of "public way" includes "any street, alley, boulevard, parkway, highway, sidewalk or other public thoroughfare." City of Desloge

Code of Ordinances §100.070. The attorney notes that Ancona was told he could disseminate literature door-to-door.

8. As a result of the assertions in the letter by the City's attorney, Plaintiffs canceled their plans to distribute literature on November 3, 2012.

9. As a result of § 615.070 and the assertions by City officials that it will be enforced to prohibit the distribution of handbills on streets and sidewalks, Plaintiffs reasonably fear Ancona and other members will be arrested if they spread their messages by distributing handbills on streets and sidewalks within the City of Desloge.

10. Section 615.070 impermissibly infringes upon Plaintiffs' rights as set forth in the Free Speech Clause of the First Amendment to the Constitution of the United States and incorporated to the states and their municipalities by the Fourteenth Amendment.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 over Plaintiffs' claims of a deprivation of a right, privilege, or immunity secured by the Constitution under color of state law.

12. In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiffs' civil action arising under the Constitution of the United States.

13. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution of the United States.

14. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' cause of action arising under the Constitution of the State of Missouri.

15. Venue lies in the United States District Court for the Eastern District of Missouri because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the County of Saint Francois, Missouri. 28 U.S.C. § 1391(b)(2).

16. Divisional venue is in the Eastern Division because the events leading to the claim for relief arose in the County of Saint Francois and the single Defendant is located in the County of Saint Francois. E.D.MO. L.R. 2.07(A)(1), (B)(1).

## PARTIES

17. Plaintiff Traditionalist American Knights of the Ku Klux Klan ("TAK"), is an unincorporated association of individuals. TAK describes itself as "a White Patriotic Christian organization that bases its roots back to the Ku Klux Klan of the early 20th century." According to TAK, it is "a non-violent organization that believes in the preservation of the White race and the United States Constitution as it was originally written and will stand to protect those rights against all foreign invaders." TAK brings this action on behalf of its members, including Ancona, who participate in the distribution of leaflets.

18. Plaintiff Ancona is a resident of the State of Missouri. He is the Imperial Wizard of TAK.

19. Defendant, the City of Desloge, Missouri, is a municipal corporation.

## ORDINANCE AT ISSUE

20. Section 615.070 was enacted by the City of Desloge by passage of Ordinance No. 99.020 on or about June 14, 1999.

21. The article within which § 615.070 appears is captioned "Peddlers and Solicitors."

22. Section 615.070 is entitled "Prohibition Against Solicitation in Streets."

23. Section 615.070 reads:

> No peddler nor any other person, association, corporation or other entity shall be authorized to conduct any solicitation activities, or to occupy, use or operate in or upon any public highway, thoroughfare or street within the City of Desloge.

24. Section 100.070 provides the Code's "definitions [that] shall be observed, unless it shall be otherwise expressly provided in any Section or ordinance, or unless inconsistent with the manifest intent of the Board of Aldermen, or unless the context clearly requires otherwise[.]"

25. Section 100.070 defines "street" to "mean and include any public way, highway, street, avenue, boulevard, parkway, alley or other public thoroughfare, and each of such words shall include all of them."

26. According to § 100.070, the definition of "public way" includes "any street, alley, boulevard, parkway, highway, sidewalk or other public thoroughfare."

27. A violation of the ordinance is punishable by a fine of up to $500.00, imprisonment of up to 90 days, or both. City of Desloge Code of Ordinances § 100.210.A.

28. An officer of the City of Desloge's police department "may arrest on view, and without a warrant, any person the officer sees violating or who such officer has reasonable grounds to believe … has violated any ordinance over which such officer has jurisdiction." MO. REV. STAT. § 544.216.

29. According to City of Desloge officials, including the City's attorney and police officials, the ordinance applies to the distribution of literature at public places, even if there are no sales or attempted sales. This interpretation is consistent with the text of the ordinance, which on its face prohibits any person from occupying or using any public street or sidewalk.

30. In enacting § 615.070 and in creating and overseeing a police department charged with enforcement of § 615.070, the City of Desloge acts under color of state law.

## FACTUAL ALLEGATIONS

31. Plaintiffs have regularly distributed handbills on public streets and sidewalks as a way of spreading their messages.

32. Plaintiffs' messages include that for our Nation to remain successful, white supremacy and the purity of the white blood must be maintained. They also believe that advancement of Sharia law, the promotion of immoral public figures, and widespread use of illegal drugs are undermining society.

33. Plaintiffs desire and plan to express and spread their messages in the future by distributing handbills on public streets and sidewalks in the City of Desloge.

34. In particular, Plaintiffs had planned to distribute literature in the City of Desloge on October 27, 2012.

35. In anticipation of the October 27, 2012, distribution of handbills, Ancona contacted the office of the City of Desloge Police Department on or about October 24, 2012 to discuss his plans.

36. On the same day, City of Desloge police advised Ancona that he and other TAK members could not stand and distribute literature on any street or sidewalk within the City because doing so is solicitation, which is prohibited by ordinance.

37. On the same day, Ancona confirmed with the City Administrator, Greg Camp, that the police department interprets the ordinance the same as the City of Desloge does. Camp confirmed that the City shared the police officers' understanding.

38. As a result of the foregoing, Plaintiffs canceled their plans to distribute literature in Desloge on October 27, 2012, and rescheduled for November 3, 2012.

39. On October 29, 2012, Plaintiffs' attorney wrote to the City Administrator explaining that the application of the ordinance to prohibit the distribution of literature on public streets and sidewalks violates the First Amendment.

40. On October 30, 2012, the City of Desloge's attorney responded in writing. In his letter, the City's counsel stated that the ordinance reasonably restricts solicitation. He included a copy of § 615.070. According to the attorney, the term solicitation applies to activities "other than selling" and includes the distribution of handbills. The attorney noted that Ancona was told he could disseminate literature door-to-door.

41. After receiving a copy of the October 30, 2012, letter from the City's attorney, Plaintiffs canceled the plans to distribute literature in Desloge on November 3, 2012.

42. In Plaintiffs' experience, the distribution of literature on public streets and sidewalks, including the placement of literature on unattended vehicles, is an efficient and cost-effective method of reaching a large number of persons living in, or found in, an area in a short period of time for which no comparative alternative exists.

43. In Plaintiffs' experience, their distribution of handbills on public streets and sidewalks does not result in litter.

44. Because of § 615.070 and the assertions of City officials, Ancona and other members of TAK reasonably fear that they will be arrested, fined, and imprisoned for violating § 615.070 if they distribute handbills on public streets and sidewalks within the City of Desloge as planned.

45. As a result of the reasonable fear of being arrested, fined, and imprisoned for distributing handbills on public streets and sidewalks, Plaintiffs canceled their plans to distribute literature in the City of Desloge on October 27, 2012, and November 3, 2012, and have refrained from distributing literature, or planning to do so, on dates thereafter.

46. Section 615.070 suppresses considerably more speech than is necessary to serve any significant government interest.

47. Section 615.070 fails to leave open ample alternatives avenues for Plaintiffs to convey their message.

48. Plaintiffs are harmed by the violation of their constitutional rights caused by § 615.070's chilling effect on their protected expressive conduct.

## COUNT I

*City of Desloge Code of Ordinances § 615.070 is
Unconstitutional under the Free Speech Clause of the First Amendment*

49. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

50. Section 615.070 is not narrowly tailored to achieve any significant government interest.

51. In addition or in the alternative, § 615.070 fails to leave open ample alternatives for Plaintiffs' speech.

## COUNT II

*City of Desloge Code of Ordinances § 615.070 Violates the
Free Speech Guarantee of Article I, § 8 of the Constitution of the State of Missouri*

52. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

53. Section 615.070 impermissibly infringes on free speech rights guaranteed by the Constitution of the State of Missouri.

## COUNT III

*City of Desloge Code of Ordinances § 615.070 is Unconstitutional
Under the Due Process Clause of the Fourteenth Amendment*

54. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

55. Section 615.070 is unduly vague such that reasonable persons and law enforcement officers are not on notice as to precisely what conduct is prohibited and at which locations.

WHEREFORE Plaintiffs pray this Court:

    A. Enter declaratory judgment pursuant to 42 U.S.C. § 1983 finding City of Desloge Code of Ordinances § 615.070 unconstitutional;

    B. Issue preliminary and permanent injunctions and, if necessary, a temporary restraining order enjoining enforcement of § 615.070;

    C. Award Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

    D. Allow such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES
    UNION OF EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
Phone: 314/652-3114
Fax: 314/652- 3112

Attorneys for Plaintiffs

## Verification

I have studied the allegations of the Verified Complaint and, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

/s/ Frank Ancona
Frank Ancona

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2012, the foregoing was filed and delivered by operation of the Court's CM/ECF system delivered to counsel of record for Defendant.

                                                /s/ Anthony E. Rothert