UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRADITIONALIST AMERICAN KNIGHTS of the KU KLUX KLAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY of DESLOGE, MISSOURI, et al., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:12CV2085 AGF |

## MEMORANDUM AND ORDER

Plaintiffs brought this action under 42 U.S.C. § 1983 alleging that § 615.070 of the City of Desloge Code of Ordinances, entitled "Prohibition Against Solicitation in the Streets," violated their constitutional rights to free speech and assembly under the First Amendment. On December 27, 2012, this Court granted Plaintiffs' motion for preliminary injunction, concluding that the ordinance was overbroad as it applied to sidewalks. (Doc. No. 28.) On March 19, 2013, this Court entered a Consent Order converting the preliminary injunction to a permanent injunction. (Doc. No. 36.) The Consent Order also entered judgment in favor of the Plaintiffs on Count I of their amended complaint and dismissed Counts II and III as moot. Now before the Court is Plaintiffs' motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988, Local Rule 8.02, and Federal Rule of Civil Procedure 54. For the reasons set forth below the motion will be granted.

## APPLICABLE LAW

Pursuant to 42 U.S.C. § 1988 a party who prevails on a claim under 42 U.S.C. § 1983 "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). A "prevailing party" is one that "obtains a judicially sanctioned, material alteration of the legal relationship of the parties." *Coates v. Powell,* 639 F.3d 471, 474 (8th Cir. 2011) (citing *Buckhannon Bd. & Care Home, Inc., v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 601 (2001)). The Supreme Court has repeatedly held that injunctive or declaratory relief as well as a damages award satisfies this test. *Lefemine*, 133 S. Ct. at 11; *see also Rogers Group, Inc. v. City of Fayetteville*, 683 F.3d 903, 910-11 (8th Cir. 2012) (holding that a preliminary injunction may convey prevailing party status).

A district court has discretion to determine the amount of a fee award. *Kahle v. Leonard*, 563 F.3d 736, 742 (8th Cir. 2009). "'The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005) (quoting *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 851 (8th Cir. 2002)). The party seeking an award of fees must submit documentation supporting the hours worked and rates claimed, and the district court should exclude from its fee calculation hours that were not "reasonably expended." *Quigley v. Winter*, 598 F.3d 938, 956-57 (8th Cir. 2010). The district court also may consider an upward or downward adjustment of the fees in light of the "'results obtained.'" *Id.* at 959 (quoting *Hensley*, 461 U.S. at 434).

## DISCUSSION

**Prevailing Parties**

Noting that it had never enforced the ordinance against Plaintiffs, Defendant asserts that Plaintiffs are not prevailing parties.  In the absence of such enforcement they contend that the result in this case, the issuance of the permanent injunction, did not alter Defendant's behavior or directly benefit Plaintiffs.  *See Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 713 (8th Cir. 1997) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) (holding that "a plaintiff  prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff")).  They further argue that any benefit Plaintiffs achieved from the suit was nominal and insufficient to support a determination that they are prevailing parties.

The Court does not agree.  Previously, in ruling on the motion for preliminary injunction the Court determined that Plaintiffs could mount a facial challenge to the ordinance because there was a credible threat of prosecution under the ordinance.  (Doc. No. 28 (citing *281 Care Comm. v. Arneson*, 638 F.3d 621, 629 (8th Cir. 2011)). In considering the justiciability of Plaintiffs' claims, the Court held that Plaintiffs' decision to chill their speech in light of the challenged ordinance was objectively reasonable. (Doc. No. 28 (citing *281 Care Comm.,* 638 F.3d at 629)).  Therefore, enjoining future enforcement of the ordinance materially alters the relationship of the parties and directly benefits Plaintiffs by removing the basis for their objectively reasonable belief that the ordinance might be enforced against them.  In addition, there is no question that the

injunction Plaintiffs obtained constitutes more than "nominal" relief.  *Compare Farrar*, 506 U.S. at 115-16 (holding that plaintiff in a § 1983 action who obtained only a nominal damage award of one dollar on a claim for 17 million dollars was not entitled to attorney's fees, notwithstanding his technical qualification as a "prevailing party"), *with Rogers Group*, 683 F.3d at 910-11 (concluding that defendant's repeal of the ordinance in question after the issuance of a preliminary injunction did not deprive the plaintiff of prevailing party status or an award of attorney's fees).  For these reasons the Court is satisfied that Plaintiffs derived a direct benefit from the result in this case and are properly deemed the prevailing parties.

**Reasonable Attorneys' Fees and Costs**

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet,* 278 F.3d 819, 828–29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)).  Plaintiffs seek attorney's fees of $300 per hour for Anthony E. Rothert and $225 per hour for Grant R. Doty.  Plaintiffs submit affidavits from both attorneys describing their experience with First Amendment litigation.  Mr. Rothert is the legal director and Mr. Doty, a staff attorney, for the ACLU of Eastern Missouri.  In support of their request, Plaintiffs submitted affidavits from two experienced local attorneys, stating that the requested hourly rates fall within local market rates for similar work.

The Court agrees that the requested rates are comparable to rates found reasonable in other cases involving specialized and complex areas of law.  *See Republican Party of*

*Minnesota v. White*, 456 F.3d 912, 920-21 (8th Cir. 2006) (holding that rates of $400 and $425 per hour for attorneys in a small, appellate firm specializing in First Amendment cases were reasonable in a case involving free speech for judicial candidates); *Wickersham v. City of Columbia*, No. 05-4061-CV-C-NKL, 2007 WL 1813194, at *1 (W.D. Mo. June 21, 2007) (awarding $400 per hour for a partner and $250 per hour for an associate in a First Amendment case involving the right to distribute leaflets and circulate petitions at a public air show).  Indeed, in a recent First Amendment case from this district the court held that the same hourly rates for the same attorneys were reasonable.  *Snider v. Peters*, 928 F.Supp.2d 1113, 1117 (E.D. Mo. 2013) (basing these rates on the prevailing market rate in Missouri and "the special skill and experience of counsel").  For these reasons, the Court concludes that the requested hourly rates are reasonable.

Defendant asks the Court to exclude duplicative and unnecessary hours expended by Mr. Rothert and Mr. Doty in this case.  The two attorneys have submitted detailed billing records reflecting that Mr. Rothert expended 31.1 hours on the case and seeks compensation for 30.3 hours, totaling $9,090.[1]  Mr. Doty expended a total of 15.3 hours and seeks compensation for 12.8 hours, totaling $2,880.  Upon review of these records the Court sees no basis for a finding that the hours expended were duplicative or unnecessary.  Therefore, the Court concludes that the claimed hours were reasonably expended.

---

[1] Plaintiffs request fees for 30.8 hours, while Mr. Rothert's billing records, submitted with his affidavit, indicate 30.3 billing hours.

Defendant also asks the Court to reduce Plaintiffs' requested fees in accordance with the "results obtained," which Defendant characterizes as insubstantial. For the reasons set forth above with respect to prevailing party status, the Court concludes that the result Plaintiffs achieved here is not insignificant. In their amended complaint, Plaintiffs sought a declaratory judgment holding the ordinance unconstitutional, as well as injunctive relief enjoining its enforcement. As noted, Plaintiffs ultimately obtained injunctive relief prohibiting enforcement of the ordinance as overbroad.

Having concluded that the hourly rate sought and the hours expended are reasonable and finding no basis for a downward adjustment on the basis of the results obtained, the Court concludes that plaintiffs may recover the entire lodestar amount, $11,970, as attorney's fees. The Court also finds reasonable Plaintiffs' request of $95.00 for the cost of serving Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for attorneys' fees and costs is **GRANTED** in the amount of $11,970.00 for attorneys' fees and $95.00 for costs. (Doc. No. 38.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2013.